Ms. DeMaso, may it please the Court. Good morning, I'm Christine DeMaso and I represent the appellant, Charles James. Could you speak up a bit more or closer? Yes. Thank you. I'd like to reserve two minutes for rebuttal. You may have it. Mr. James's trial was infected by several extreme malfunctions. I'd like to focus on three of those this morning. First, despite the fact that the trial court repeatedly stated on the record that the trial court had concerns that there was little evidence regarding when and where the crimes occurred, no jurisdiction instruction was requested or given. Second, the courtroom was repeatedly closed, completely closed, during portions of the voir dire without sufficient findings that such closure was necessary and justified. And third, trial counsel made absolutely no effort to suppress important and inculpatory physical evidence despite meritorious grounds for suppression. Starting with the jurisdiction argument, I'd like to point out at the outset that there are two different ways that this court can reach the merits of the jurisdiction instruction argument. The first is the freestanding jurisdiction instruction argument. And it's in connection with that argument, with that claim, that the respondent raises exhaustion. And if this court went to the merits of the jurisdiction claim that way, it would have to deal with the issue of exhaustion. We, of course, argue that the claim was clearly exhausted in the petition for further review. I've read the petition for further review, and it seems to me while you made a constitutional claim in the lower court, you did not make it to the state Supreme Judicial Court, and therefore were precluded from reaching it. Initially, I would just say that the other way that this court can reach the merits through the ineffectiveness claim, the claim that counsel is ineffective for failing to request a jurisdiction argument, that claim is properly exhausted and would not require this court to go into the exhaustion analysis. Turning back to the is that in Clements, this court noted that one way to properly exhaust a claim is to raise a state law claim that is practically indistinguishable from the federal claim. And Clements, in turn, quotes a case called Ned Warney, another First Circuit case. And Ned Warney quotes another First Circuit case called Lanigan. And in Lanigan and Ned Warney, the court is very clear that one of the can be indistinguishable is when there is an issue of instructions. The court talks about claims can be indistinguishable from federal and state when they're bedrock principles of criminal law. And here, the jurisdiction instruction claim is one of bedrock principles. The claim is jurisdiction was an element. Jurisdiction was not presented to the jury, therefore the jury did not find the required. The core of that claim is the same, whether it's raised in state law or federal law. And because they're indistinguishable, the claim has been exhausted. Ned Warney specifically quotes Lanigan. Lanigan was dealing with an instruction claim, a very similar claim, saying this instruction was incorrect, therefore the jury did not properly consider the issues. And the phrasing of the claim is more about phrasing and less about the core of it. I would argue that that- Let me, may I interrupt you for a second and just ask you to help me out on one thing. As I understand, and I say this on the basis of the briefs, I haven't done independent research, but as I understand it from the briefs, it would be a sufficient basis under Massachusetts law for another state was part of a continuous series of conduct which began with coercion or violence within the state of Massachusetts. Is that also the federal standard? So the element is going to ultimately here be defined by reference to state law because it was a state court trial. The federal law is that elements must be presented to the jury and proven beyond a reasonable doubt. I think that's beyond- No, but ultimately it's a federal question as to whether the claimed basis under state law for state jurisdiction is in fact an adequate basis constitutionally. So there's always a kind of a lurking federal claim there. And I guess my question is, has that claim in respect to Massachusetts, this particular Massachusetts rule, ever been determined? I have not. I do think that Massachusetts says that, you're correct, that it says that there can be jurisdiction for murder if the violence or injury, some part of it occurred in Massachusetts, and with kidnapping it talks about coercion or binding occurring within Massachusetts lending jurisdiction. I have not seen any federal cases saying that that is insufficient federally to provide jurisdiction to Massachusetts. Our claim here really is- But if it was not raised specifically as a federal claim, why should we decide that based on the exhaustion principle? Our claim here is that federally, not that Massachusetts definition of the element is incorrect, but that the Massachusetts appeals court was incorrect in concluding that a jurisdiction element was unnecessary. Here we hold that accepting the Massachusetts definition of jurisdiction, accepting that, that a jurisdiction element instruction was necessary here. That's your principle argument, not that there weren't sufficient facts to prove that, but the jury wasn't said, told, yeah, you have to consider beyond a reasonable doubt that this crime occurred sufficient to give Massachusetts jurisdiction. That's correct. So you don't- Actually, you're making a series of arguments. One is sufficient to give jurisdiction, but as Justice Souter just pointed out, there are questions about what is sufficient, and indeed, I believe you contested what state law actually required without getting into the question of whether that's a separate question from constitutional law. So in a way, it's sort of doubly waived by not being brought to the attention of the state high court. Do you want to move on? Yes, Your Honor. Thank you. And as I said before, you can reach the merits of that also through ineffectiveness, which does not raise those exhaustion issues. With respect to closure, the respondent agrees that it's clearly established that the defendant's right to a public trial includes voir dire. I would ask this court to look at the Waller test, and the Waller test is quite simple. A party must advance an overriding interest, the closure must be no broader than necessary, the court must consider reasonable alternatives, and the court must provide findings to support closure. And I would like to point out here particularly that the court simply did not always provide findings necessary to justify closure. And the record is clear about that, and I'd like to point the court specifically to what I would argue is the most egregious example of failure to provide justification. Go ahead. And that's on the joint appendix page 486, where a juror simply said that he did not want his brother's name mentioned on the record, and the court closed the courtroom, although the questions did not involve that juror's name, that juror's brother's name. Thank you. Good morning, Your Honors. Suzanne Reardon, Assistant Attorney General, on behalf of the respondent. Quickly turning to the jurisdiction claim, I would argue that the district court properly found that this claim is unexhausted, especially in light of the fact when you compare the way the claim was argued to the Massachusetts Appeals Court with the way it was argued to the SJC in the application for further appellate review, clearly the federal nature of the claim was dropped at that point. So I would urge you to find that that claim has not been exhausted, and that any effort to look beyond the four corners of the application for further appellate review should not be considered, as the Supreme Court in Baldwin made clear, that it should look only at the document itself. As to the public appeals court, properly cited to Supreme Court law and properly used the factors present in Press-Enterprise and Waller cases, the judge, although she was not requested to make findings or to, there was no objection to the closing of the courtroom, she clearly discussed this with both counsel prior to trial. Defense counsel asked for individual voir dire, so this was an would be conducted, and the judge was very careful in finding that she would only close the courtroom when requested for questions involving very sensitive questions of the jurors. She only did it twice with jurors who were actually seated on the jury, and one of those jurors, the courtroom did not need to be closed because there was no one in the courtroom at the time. How about the I actually don't know of that particular instance, but I would argue that the judge, again, was very careful to follow, to make it clear on the record why she was doing this, and that she was using the least restrictive means necessary. Especially here where there was no objection, I would suggest that her findings were actually above and beyond what she needed to do, because Waller actually only requires those findings if there's an objection as to the courtroom closure. And then very quickly on the ineffective assistance of counsel, again, on habeas review, this is a W deferential standard this court should look to, whether the state court properly used the Strickland standard of ineffective, whether it was a reasonable decision on that case. In this case, the failure to file the motion to suppress was clearly analyzed by the Massachusetts Appeals Court, and there was a reasonable determination of the facts that the petitioner did not overcome under habeas review. Unless there are any further questions, I will rest. Thank you very much. Thank you. Counsel. I would just like to respond briefly to respondents' points about there being no objection to the closure. Waller is clear what the test is. The fact that there was no objection doesn't mean that the court doesn't have to follow the Waller analysis. Failure to close a courtroom is structural error. No, it isn't. You need to catch up on a few first circuit cases that were recently decided, which are not in your brief. I would also like to actually read the conversation between the judge and the potential juror, the single finding where I believe there were no findings. The judge says, you indicated you had a privacy concern. What is that, please? The juror says, actually, I think that looking at this courtroom, it's fine. The judge says, well, we have sent one member of the press out. The juror says, my brother is gay, so I just didn't want his name to be mentioned. The court then goes on to ask the juror questions about whether his experience with his brother would impact his ability to be fair and impartial, but certainly does not ask his brother's name and certainly would not have asked his brother's name. That's not a normal part of voir dire. I think the closure, it's clear that there were no findings made and no alternatives were considered, and that simply violates Waller. Also in connection with the ineffectiveness claim, I would just simply point out how critical the evidence was that would have been suppressed had defense counsel filed a motion, that no effective defense counsel would have failed to file a motion in those circumstances. Thank you. Thank you.